JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **EDCV 11-1492-VBF (SPx)**                 Dated: **October 20, 2011**

Title:   Manuel Leo -v- McLane Company Inc., et al.

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

      Joseph Remigio                              None Present
      Courtroom Deputy                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

      None Present                                None Present

**PROCEEDINGS (IN CHAMBERS):**          **COURT ORDER REMANDING ACTION**


    Before the Court is a Notice of Removal filed by Defendant McLane Company, Inc. ("Defendant") (Docket No. 1). Defendant asserts that this Court has jurisdiction over the action brought against it by Plaintiff Manuel Leo ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in

MINUTES FORM 90                          Initials of Deputy Clerk    jre
CIVIL - GEN

a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

The Notice of Removal states that "Defendant is informed and believes and therupon alleges that, at the time that this action was filed and this Notice of Removal is filed, Plaintiff was and is a citizen of the State of California." (Notice of Removal, ¶ 6.)  In support of this allegation, Defendant cites Paragraph 1 of Plaintiff's Complaint, which states that "Plaintiff [] is a male resident of the County of San Bernardino, State of California."  (Complaint, ¶ 6).

Because Defendant has alleged Plaintiff's citizenship based only on an allegation of residence, and residence is not the same as citizenship, the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

Therefore, Defendant has failed to meet its burden of demonstrating the Court's diversity jurisdiction.  Accordingly, the Court remands this action to San Bernardino Superior Court, **Case No. CIVDS 1108609.**  See 28 U.S.C. § 1447(c).[1]

**IT IS SO ORDERED.**

---

[1]  Given the Court's Order, the Parties' Joint Stipulation Allowing Plaintiff to File a First Amended Complaint (Docket No. 10) is **DENIED** as moot.